```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UK JEONG                         :       CIVIL ACTION
                                 :
     v.                          :
                                 :
JUSTIN SEO, et al.               :       NO. 07-cv-03718-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        April 22, 2008

         Defendants have filed a motion to dismiss plaintiff's complaint. Assuming the correctness of plaintiff's allegations, this is indeed an unusual case, involving the sale of a going business, a day spa and accompanying nail salon owned and operated by Melrose Day Spa LLC. All of the corporate stock of Melrose was owned by one or more of the defendants. The business was listed for sale with a real estate agency of which plaintiff, Jeong, was an employee. Eventually, Mr. Jeong decided to buy the business himself and, on May 1, 2007, a written "Offer to Purchase" agreement between Melrose Day Spa LLC, a Pennsylvania corporation ("Seller"), and plaintiff, Uk Jeong ("Buyer"), was executed.

         Settlement occurred on or about May 23, 2007, and plaintiff paid a significant portion of the purchase price. At some time shortly after plaintiff took over the business, however, he learned for the first time that the "spa" was involved in providing sexual services to its customers. Plaintiff, of course, refused to allow his employees to continue

that practice, and, allegedly, there was a sharp decline in customers and income.  This litigation ensued.

I have no doubt that the allegations in plaintiff's complaint suffice to support recovery on one or more of the theories espoused in plaintiff's pleading, but it is equally clear that the complaint should be amended.

For example, a principal thrust of the complaint is an action for breach of contract, but (1) plaintiff does not attach a copy of any written contract; (2) none of the defendants is a named party to the only written contract disclosed by the record; and (3) plaintiff seems to regard pre-contract oral representation as constituting separate oral contracts between the person or persons making the representation and plaintiff.

Another problem, presumably the result of a typographical error, is that, in the only "prayer for relief" set forth in the complaint, "plaintiff respectfully demands that defendant Voshell is liable for the following judgment ..."  No such name appears anywhere else in the record.

The defendant has argued, at length, that the "gist of the action" principles of Pennsylvania law require the dismissal of plaintiff's fraud claims, and that none of the named defendants can be held liable for breach of contract.  In my view, this represents an unacceptably narrow interpretation of plaintiff's allegations.  Plaintiff's fraud claims assert "fraud

in the inducement," and are not barred by the "gist of the action" theory. Although none of the named defendants were named as parties to the written contract, it is by no means clear that plaintiff is suing on that contract. Moreover, and of greater importance, the allegations of the complaint may well suffice to support a theory of corporate veil-piercing.

Defendants argue that the complaint does not support a valid claim for punitive damages. I am inclined to disagree, but I do agree that such damages can only be recovered against the defendants shown to have acted outrageously – i.e., against those defendants who can be shown to have acted with actual knowledge of the alleged illegal activities and full complicity in the frauds allegedly perpetrated upon plaintiff. Plaintiff's broad-scale allegations against "the defendants" are not sufficiently specific.

For the foregoing reasons, plaintiff will be required to file an amended complaint, which clarifies the problems discussed above.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UK JEONG                          :      CIVIL ACTION
                                  :
     v.                           :
                                  :
JUSTIN SEO, et al.                :      NO. 07-cv-03718-JF
```

ORDER

AND NOW, this 22nd day of April, 2008, upon consideration of defendants' motion to dismiss, and plaintiff's response, IT IS ORDERED:

Defendants' motion to dismiss the complaint is GRANTED, without prejudice to plaintiff's right to file an amended complaint within 30 days.

```
                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam,  Sr. J.
```