```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UK JEONG                          :      CIVIL ACTION
                                  :
       v.                         :
                                  :
JUSTIN SEO, et al.                :      NO. 07-cv-3718-JF
```

MEMORANDUM

Fullam, Sr. J.                                    June 29, 2010

      In this case, the plaintiff sued the defendants asserting claims for fraud, breach of contract, conspiracy, and negligence, arising out of the sale of a going business, a day spa and accompanying nail salon.  The defendants were purportedly the owners or operators of the spa at the time that it was sold to the plaintiff.  The facts of this case are unusual.  In his amended complaint, the plaintiff asserts that he purchased the day spa believing that it had been operated by the defendants as a legal enterprise.  After the plaintiff had paid a significant portion of the purchase price and taken possession of the spa, however, he learned that it actually had been run as a "house of prostitution."

      Initially, the plaintiff and all but one of the defendants were represented by counsel.  On May 4, 2009, I granted defense counsels' motion to withdraw from representation.  The defendants never retained replacement counsel.  One of the defendants, Ahn Seo, was never represented by counsel, and apparently was never served with the complaint.

On February 26, 2010, the plaintiff's attorney moved to withdraw from the representation because the plaintiff had stopped communicating with him and he was unable to adequately prepare for trial. I granted counsel's motion to withdraw and directed the plaintiff to obtain a new attorney within 30 days or thereafter proceed *pro se*. That order was sent to the plaintiff's last-known address; the plaintiff did not respond to that order and no new counsel has entered an appearance.

The case was listed for a jury trial on Monday, June 28, 2010 at 10 a.m., however, neither the plaintiff nor the defendants appeared in court. Notice of the trial date was mailed to the parties' last-known addresses on April 22, 2010, and none of the notices were returned to the Court as undeliverable. The plaintiff did not notify the Court that he would not appear on June 28, 2010. It is apparent that, for whatever reason, the plaintiff has lost interest in prosecuting this action, and it will therefore be dismissed for lack of prosecution.

An order will be entered.

BY THE COURT:


 /s/ John P. Fullam
 John P. Fullam,  Sr. J.